IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNBREAN DAVIS | : | CIVIL ACTION |
| v. | : | NO.: 02-cv-2665 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | |

ORDER

AND NOW, this ___ day of _____, 2002, upon consideration of Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and any opposition thereto, it is hereby ORDERED that Defendant's Motion is GRANTED and Plaintiff's Complaint is dismissed in its entirety with prejudice.

BY THE COURT:

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNBREAN DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.: 02-cv-2665 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : : : | |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA" or the "Authority"), by its attorneys, respectfully moves this Court for an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing with prejudice Plaintiff's entire Complaint for failure to state a claim upon which relief can be granted and, in support thereof, states:

1. Plaintiff, Shawnbrean Davis ("Mr. Davis"), filed a Complaint against SEPTA on May 3, 2002.

2. In the Complaint, Mr. Davis claims that SEPTA violated the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") by failing to reasonably accommodate his alleged vision disability.

3. Mr. Davis' claims fail because he does not have a disability protected by the ADA or PHRA since: (a) his poor vision is not a physical impairment that substantially limits his ability

to work; (b) he has no record of any such impairment; and (c) SEPTA did not regard him as having any such impairment.

    4.   In fact, Mr. Davis admits that he is "ready, willing, and able to perform all duties of jobs offered, with or without accommodations." Thus, he cannot establish that he is unable to work in a broad class of jobs as required by the very law under which he brings this case.

    WHEREFORE, for the foregoing reasons and those stated in the accompanying Memorandum of Law, Defendant SEPTA respectfully requests that this Court grant its Motion and dismiss the Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

                                    Respectfully submitted,

                                      MILLER, ALFANO & RASPANTI, P.C.

                                      BY:_____
                                         GINO J. BENEDETTI, ESQUIRE
                                         JODEEN M. HOBBS, ESQUIRE

                                    Attorney I.D. Nos. 59584, 80200
                                    Miller, Alfano & Raspanti, P.C.
                                    1818 Market Street, Suite 3402
                                    Philadelphia, PA 19103
                                    (215) 972-6400

                                    Attorneys for Defendant,
                                    Southeastern Pennsylvania
                                    Transportation Authority

Dated: November 18, 2002

F:\PBL\JMH\SEPTA\Septa.Davis\pbj00004.Motion to Dismiss.wpd

```
            IN THE UNITED STATES DISTRICT COURT
           IN THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SHAWNBREAN DAVIS | : | CIVIL ACTION |
| v. | : | NO.: 02-cv-2665 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA" or the "Authority"), by its attorneys, Miller, Alfano and Raspanti, P.C., respectfully submits this Memorandum of Law in further support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

I.  PRELIMINARY STATEMENT

Mr. Davis brings this case under the Americans with Disabilities Act (the "ADA") and the corollary provisions of the Pennsylvania Human Relations Act (the "PHRA"). See Complaint (Exhibit 1). Mr. Davis claims he is disabled, yet he readily admits that he is "ready, willing and able" to work in any available job. Complaint ¶ 19. Thus, Mr. Davis does not suffer

from any disability protected by the ADA or PHRA. Accordingly, his Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[1]

II. <u>FACTUAL BACKGROUND</u>

SEPTA hired Mr. Davis as a bus driver in February of 1998. He worked for SEPTA as a bus driver until December of 2000 when he injured his knee. Complaint ¶ 6. After knee repair surgery, Mr. Davis sought reinstatement to his bus driver position. Complaint ¶¶ 7, 12. Upon examination, SEPTA found Mr. Davis medically disqualified for the bus driver job because of a "visual problem." Complaint ¶ 12. Mr. Davis, therefore, was not permitted to return to work as a bus driver. Complaint ¶ 12. SEPTA, however, attempted to place Mr. Davis in several different jobs. Mr. Davis did not qualify for any of these jobs and now contends that SEPTA denied him the positions because of his alleged disability. Complaint ¶ 13.

---

[1] The standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well settled. "The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief." <u>Clarke v. Whitney</u>, 907 F. Supp. 893, 894 (E.D. Pa. 1995) (internal citations omitted).

In his Complaint, however, Mr. Davis readily admits that he could work in other jobs. Complaint ¶ 19. In fact, Mr. Davis concedes, that he has worked for employers other than SEPTA since he left his position as a bus driver. Complaint ¶ 9. He also admits that he has been considered by SEPTA for various other positions. Finally, the Complaint expressly acknowledges Mr. Davis' ability to work and states that "[a]t all times Davis was ready, willing and able to perform all duties of jobs offered with or without accommodations." Complaint ¶ 19.

III. <u>ARGUMENT</u>

    A.   <u>ADA Disability Defined</u>

To establish a prima facie case of discrimination under the ADA, the plaintiff must show, among other things, that he is a disabled person within the meaning of the ADA. <u>Taylor v. Phoenixville School District</u>, 184 F.3d 296, 306 (3d Cir. 1999)(citation omitted).[2] Under the ADA, a "disability" is defined as:

> (1) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

---

[2] The ADA claim is the only claim addressed in this motion as the analysis of an ADA claim applies equally to a PHRA claim. <u>See</u> <u>Taylor v. Phoenixville School District</u>,184 F.3d 296, 306 (3d Cir. 1999).

>    (2)   a record of such impairment; or
>
>    (3)   being regarded as having such an impairment.

42 U.S.C. § 12102(2).  See also Sutton v. United Airlines, Inc., 527 U.S. 471, 478 (1999); Taylor, 184 F.3d at 306.

To be protected under the ADA, under any of the three standards, the disability must be an impairment that creates limitations "that are in fact substantial." Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 565 (1999) (holding that monocular vision is not "per se" disabled within meaning of the ADA). Further, a "plaintiff attempting to establish disability on the basis of a substantial limitation in the major life activity of working must, at a minimum, allege that he or she is unable to work in a broad class of jobs."  See Tice, 247 F.3d at 512 (inability only to drive a bus after a back injury was not substantial limitation under the definition of disability) (internal quotations omitted)(emphasis added); see also Williams v. Philadelphia Housing Authority, 2002 WL 31496398 (E.D. Pa. Oct. 28, 2002) (defendant granted summary judgment where plaintiff failed to establish that his disability, depression, precluded him from obtaining a broad range of jobs) (attached as Exhibit 2).

Specifically, under the Equal Employment Opportunity Commission ("EEOC") regulations, when referring to the major life activity of working, the term "substantially limits" means:

4

> [S]ignificantly restricted in the ability to perform either a class of jobs or in a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. <u>The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working</u>.

29 C.F.R. § 1630.2(j)(3)(i) (as relied upon in <u>Sutton v. United Airlines, Inc.</u> 527 U.S. 471, 491 (1999) (emphasis added)). Thus, a plaintiff must be able to allege more than merely being excluded from one job or one class of jobs to establish that he or she is substantially limited in the major life activity of working.

### B. Mr. Davis Is Not Disabled Under Any Of The Three ADA Standards

#### 1. Mr. Davis Does Not Have A Physical Impairment That Substantially Limits Any Major Life Activity

To be considered disabled under the first prong of the ADA definition of disability, Mr. Davis must prove that he is substantially limited in the major life activity of working.  In particular, he must allege that he is unable to work in a broad range of jobs.  The face of the Complaint reveals the exact opposite.  Specifically, Mr. Davis directly concedes that he is "ready, willing, and able to perform all duties of jobs offered <u>with or without accommodations</u>." Complaint ¶ 19 (emphasis added). The Complaint also acknowledges that within the recent past Mr. Davis obtained other employment.  As Mr. Davis concedes that he

5

is able to work in other job categories, he cannot successfully plead that he is disabled and entitled to protection under the ADA.

### 2. Mr. Davis Has No Record Of A Disability

Individuals may also seek ADA protection if they have a record of disability. 42 U.S.C. § 12102(2)(B). However, "[a] plaintiff attempting to prove the existence of a 'record' of disability still must demonstrate that the recorded impairment is a 'disability' within the meaning of the ADA." Tice v. Centre Area Transportation Authority, 247 F.3d 506, 513 (3d Cir. 2001). In Tice, the Third Circuit concluded that the Plaintiff had not demonstrated a "record of disability" merely by presenting evidence that the impairment limited his ability to drive a bus. Id. The Court was clear that "an impairment that limits only bus driving is not a 'disability.'" Id.

Mr. Davis, therefore, cannot establish the requisite "record of disability."

### 3. Mr. Davis Was Not "Regarded As" Disabled By SEPTA

The ADA also protects qualified individuals who are "regarded as" having an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(C)(defining disability). To be considered as "regarded as" having a disability, the Plaintiff must demonstrate that:

6

>   (1) the employer erroneously believes that the Plaintiff has an impairment (even if he does not) that substantially limits major life activities; or
>
>   (2) the plaintiff has a non limiting impairment that the employer mistakenly believes limits major life activities.

Tice, 247 F.3d at 514 (relying on Sutton v. United Airlines, Inc. 527 U.S. at 489).[3]  Either way, the definition of "substantially limits" remains the same, i.e., "if the individual is attempting to establish that the employer believed the individual to be limited in the life activity of 'working', then working must encompass a broad class of jobs."  Id.

Once again Mr. Davis' poor vision has not excluded him from a broad class of jobs.  He, therefore, does not have a claim that SEPTA regarded him as disabled.

---

[3] The Supreme Court makes clear that "[s]tanding alone, the allegation that respondent has a vision requirement in place does not establish a claim that respondent regards petitioners as substantially limited in the major life activity of working." Sutton, 527 U.S. at 490; see also Knoll v. Southeastern Pennsylvania Transportation Authority, 2002 WL 31045145 (E.D. Pa. September 11, 2002) (holding that "simply requiring a plaintiff to take and pass a visual examination alone in no way demonstrates that defendant regarded plaintiff's impairment as substantially interfering with his ability to see") (attached as Exhibit 3).

IV.  CONCLUSION

    Mr. Davis' Complaint fails to state a claim under which relief can be granted because he cannot establish that he is a disabled person within the meaning of the ADA or PHRA.  SEPTA, therefore, respectfully requests that the Complaint be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

                                 Respectfully submitted,

                                   MILLER, ALFANO & RASPANTI, P.C.

                                   BY:_____
                                      GINO J. BENEDETTI, ESQUIRE
                                      JODEEN M. HOBBS, ESQUIRE

                                 Attorney I.D. Nos. 59584, 80200
                                 Miller, Alfano & Raspanti, P.C.
                                 1818 Market Street, Suite 3402
                                 Philadelphia, PA 19103
                                 (215) 972-6400

                                 Attorneys for Defendant,
                                 Southeastern Pennsylvania
                                 Transportation Authority

Dated: November 18,2002_____

F:\PBL\JMH\SEPTA\Septa.Davis\pbj00004.Motion to Dismiss.wpd

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2002, I caused a true and correct copy of the foregoing Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and accompanying Memorandum of Law in support thereof to be served upon the following individual in the manner indicated below:

### VIA FIRST CLASS MAIL

Richard A. Veon, Esquire
Gordon & Weinberg, P.C.
21 South 21st Street
Philadelphia, PA 19103

MILLER, ALFANO & RASPANTI, P.C.


By: _____
GINO J. BENEDETTI, ESQUIRE

DATED: November 18, 2002


F:\PBL\JMH\SEPTA\Septa.Davis\pbj00004.Motion to Dismiss.wpd