IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                :
SHAWNBREAN DAVIS                :    CIVIL ACTION
                                :
        v.                      :    NO.: 02-CV-2665
                                :
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY        :
_____:


DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)

I.   PRELIMINARY STATEMENT

        Plaintiff, Shawnbrean Davis ("Mr. Davis"), sued SEPTA for

violating the Americans with Disabilities Act ("ADA") and the

Pennsylvania Human Relations Act ("PHRA") because SEPTA failed to

reasonably accommodate his alleged disabilities.  The alleged

disabilities are poor vision and knee strain.  These conditions are

not disabilities under the ADA or the PHRA.  Thus, SEPTA's Motion

to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)

("Motion to Dismiss") must be granted.


II.  ARGUMENT

        Mr. Davis and SEPTA agree that, under the ADA or PHRA, a

disability is defined as:

> (1) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;
>
> (2) a record of such impairment; or
>
> (3) being regarded as having such an impairment.

42 U.S.C. § 12102(2). <u>See</u> Defendant's November 18, 2002 Memorandum of Law in Support of its Motion to Dismiss at 3-4 and Plaintiff's January 9, 2003 Memorandum of Law in Opposition ("Memorandum in Opposition") at 2.

Mr. Davis' conditions cannot satisfy this standard as a matter of law. Nevertheless, Mr. Davis contends that he is entitled to take discovery to "unearth" facts that support his claims. No amount of discovery, however, will convert his commonly occurring ailments -- poor vision and knee strain -- into an ADA protected disability.

First, Mr. Davis concedes that he is not disabled by admitting that he is able to work, is working a modified duty job and wants to perform a job "with or without accommodations" for SEPTA. <u>See</u> Complaint at ¶¶ 9, 19 and Plaintiff's Memorandum in Opposition at 1. Thus, Mr. Davis' conditions are not disabilities under the first prong of the law. <u>See</u> 42 U.S.C. § 12102(2)(1).

2

Second, Mr. Davis does not have a record of a disability because, to have a record, one must first have a cognizable disability. See <u>Tice v. Centre Area Transportation Authority</u>, 247 F.3d 506, 513 (3d Cir. 2001). Because Mr. Davis is not disabled, he cannot satisfy the second prong of the law.

Finally, SEPTA did not regard Mr. Davis as disabled simply because Mr. Davis failed SEPTA's minimum vision requirement for its bus drivers. See <u>Sutton v. United Airlines, Inc.</u>, 527 U.S. 471, 490 (1999) (a vision requirement alone does not establish a "regarded as" disability claim). Likewise, the mere fact that an employer is aware of an impairment, such as an inability to engage in strenuous physical tasks, does not demonstrate that the employer regarded the employee as disabled. See <u>Nerosa & Nerosa v. Storecast Merchandising Corp.</u>, 2002 WL 1998181 at *7 (E.D. Pa. 2002) (dismissing "regarded as" claim where Plaintiff failed to allege any facts that reasonably appeared as though employer regarded her as disabled) (attached hereto as Exhibit 1). Thus, Mr. Davis' conditions are not disabilities under the third prong of the law. See <u>Sutton</u>, 527 U.S. at 490-91.

3

III. <u>CONCLUSION</u>

Accordingly, SEPTA respectfully requests that the Court dismiss Mr. Davis' Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MILLER, ALFANO & RASPANTI, P.C.


BY: _____
    GINO J. BENEDETTI, ESQUIRE
    JODEEN M. HOBBS, ESQUIRE

Attorney I.D. Nos. 59584, 80200
Miller, Alfano & Raspanti, P.C.
1818 Market Street, Suite  3402
Philadelphia, PA 19103
(215) 972-6400

Attorneys for Defendant,
Southeastern Pennsylvania
Dated: January 21, 2003    Transportation Authority

F:\PBL\JMH\SEPTA\Septa.Davis\gh000003.pld.wpd

4

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2003, I caused a true and correct copy of the foregoing Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) to be served upon the following individual in the manner indicated below:

VIA FIRST CLASS MAIL

Richard A. Veon, Esquire
Gordon & Weinberg, P.C.
21 South 21st Street
Philadelphia, PA 19103

MILLER, ALFANO & RASPANTI, P.C.

By: _____
JODEEN M. HOBBS, ESQUIRE

F:\PBL\JMH\SEPTA\Septa.Davis\gh000003.pld.wpd