UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWNBREAN DAVIS

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY

CIVIL NO. 02-2665

MEMORANDUM

April 18, 2003

      Plaintiff Shawnbrean Davis brought this suit against defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955. SEPTA has filed a motion to dismiss, claiming that Federal Rule of Civil Procedure 12(b)(6) requires dismissal because Mr. Davis has failed to state a claim upon which relief can be granted.

**Factual background**

      Mr. Davis, according to his submissions to this court, worked as a bus driver for SEPTA. On approximately December 18, 2000, Mr. Davis suffered a knee injury and began receiving workers' compensation. Eventually, Mr. Davis sought to return to work at SEPTA, and, as part of the reinstatement procedure, submitted to a vision test. The test revealed a problem with Mr. Davis's visual acuity, and he was allegedly denied the opportunity to return to his former employment as a bus driver.

      Since Mr. Davis was refused his former position as a bus driver, he has been invited by

SEPTA to interview or apply for light-duty, medium-duty, and part-time SEPTA positions. He alleges that he was denied said positions because of his vision problem, his knee injury, or a combination of the two. SEPTA, according to Mr. Davis, has refused "to provide or allow physician-approved reasonable accommodations . . . such that [Mr. Davis] could continue to fulfill the essential function of his job or an offered equivalent," Complaint, ¶ 26, despite Mr. Davis's claim that he "was ready, willing, and able to perform all duties of jobs offered, with or without accommodation," Complaint, ¶ 19.

**SEPTA's motion to dismiss**

SEPTA's 12(b)(6) motion is premised on the assertion that Mr. Davis does not suffer from a disability that receives the protection of the ADA or the PHRA.[1] SEPTA claims that because Mr. Davis avers that he is "ready, willing, and able to perform all duties of jobs offered, with or without accommodations," he cannot show disablement within the meaning of the two Acts. SEPTA points out that a "plaintiff attempting to establish disability on the basis of 'substantial limitation' in the major life activity of 'working' must, at minimum, allege that he or she is 'unable to work in a broad class of jobs.'" *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 512 (3d Cir. 2001) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999)).

The ADA, in general terms, prohibits employers from discriminating against a "qualified individual with a disability" and requires that employers make reasonable accommodations for a qualified applicant or employee with a disability if doing so would allow the applicant or employee to perform the essential functions of the particular job. *See* 42 U.S.C. § 12112.

---

[1]SEPTA's motion addresses only the ADA claim because "the analysis of an ADA claim applies equally to a PHRA claim." Defendant's Motion, p. 3 n.2. This memorandum, then, will only address the arguments raised in the motion and will not discuss the PHRA claim separately.

Crucial to this court's inquiry in resolving the instant motion is the determination of whether the pleadings sufficiently allege that Mr. Davis is in fact a "qualified individual with a disability." The ADA defines that phrase as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "disability," in turn, is defined, with respect to an individual, as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

"Major life activities" are defined in EEOC regulations as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

SEPTA's citation to *Tice* is well taken, but builds an incomplete argument for dismissal of Mr. Davis's case. In *Tice*, the Third Circuit discussed only the "major life activity" of working — apparently, Mr. Tice did not allege that any of his many other life activities was compromised. *Tice*, 247 F.3d at 512. Therefore, SEPTA paints with too broad a brush when it claims that "[t]o be considered disabled . . ., Mr. Davis must prove that he is substantially limited in the major life activity of working." Defendant's Motion, p. 5. This is simply an incorrect statement of law. In truth, as already discussed, to be considered disabled, Mr. Davis must prove that he is substantially limited in "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Even assuming *arguendo* that Mr.

Davis's acknowledged ability to perform certain jobs means that he is not limited in the major life activity of *working*, SEPTA has not even addressed the allegation in the complaint that the eye condition substantially limits, *inter alia*, the life activity of *seeing*. Complaint, ¶ 18.

An order denying SEPTA's motion to dismiss accompanies this memorandum.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWNBREAN DAVIS

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY

CIVIL NO. 02-2665

**ORDER**

April ____, 2003

      For the reasons stated in the accompanying memorandum, it is hereby ORDERED that the Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket # 3) is DENIED.

_____
Pollak, J.