```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| SHAWNBREAN DAVIS | CIVIL ACTION |
| v. | NO.: 02-CV-2665 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | |

**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA") by its counsel, Miller, Alfano & Raspanti, P.C., hereby submits its Answer and Affirmative Defenses of Defendant, to the Complaint of Plaintiff, Shawnbrean Davis ("Mr. Davis") and states as follows:

**I.   PARTIES**

1. Admitted.

2. Admitted in part; denied in part. It is admitted only that the Southeastern Pennsylvania Transportation Authority ("SEPTA") is a body corporate and politic created and duly certified under the Metropolitan Transportation Authorities Act of 1963 (Act 450 of 1963; repealed); the Pennsylvania Urban Mass Transportation Law (Act 101 of 1980; repealed); the Public Transportation Law (Act 26 of 1991) as amended by Act 3 of 1994 (74 Pa.C.S. §§ 1701 - 1785). As such SEPTA exercises the public powers

of the Commonwealth of Pennsylvania as an agency and instrumentality thereof.  The address of its principal office is 1234 Market Street, 10th Floor, Philadelphia, PA 19107-3780.  The remaining allegations are denied as conclusions of law.

**II.   JURISDICTION**

3.   Admitted in part; denied in part.  It is admitted of that Mr. Davies has attempted to assert claims under federal law thereby conferring jurisdiction in this Court pursuant to 28 U.S.C. § 1331.  It is specifically denied that SEPTA has violated any laws alleged by Mr. Davis in this action.  Any remaining allegations in this paragraph are also denied.

4.   Admitted in part; denied in part.  It is admitted only that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Pennsylvania Human Relations Commission (the "PHRC") and that the PHRC dismissed the charge as the facts failed to establish probable cause of unlawful discrimination. By way of further answer, the allegations of this paragraph contain conclusions of law to which no response is required.  Accordingly, those allegations are denied.  Any remaining allegations in this paragraph are also denied.

5.   Denied.  After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments in this paragraph and therefore, they are denied.

III. **FACTS**

6. Admitted in part; denied in part. It is admitted only that on December 18, 2000, Mr. Davis reported that he injured his knee while on the job at SEPTA. SEPTA further admits only that Mr. Davis has been paid Workers Compensation related to a knee injury. Any remaining allegations in this paragraph are denied.

7. Admitted in part; denied in part. It is admitted only that Mr. Davis had two knee surgeries in 2001. The remaining allegations are denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments of this paragraph and, therefore, they are denied.

8. Admitted.

9. Denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments of this paragraph and, therefore, they are denied.

10. Denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments of this paragraph and, therefore, they are denied.

11. Denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments of this paragraph and, therefore, they are denied.

12. Admitted in part; denied in part. It is admitted only that on March 12, 1991, Mr. Davis was unable to meet the minimum

vision standards that are necessary to drive a passenger vehicle for SEPTA. It is further admitted that for this reason only he was medically disqualified from the bus driver position. It is explicitly denied that SEPTA precluded Mr. Davis from any other positions at SEPTA based upon a visual problem. Any remaining allegations in this paragraph are also denied.

13. Admitted in part; denied in part. It is admitted only that after his medical disqualification, SEPTA assisted Mr. Davis in applying for several SEPTA jobs that were available. It is explicitly denied that Mr. Davis was denied any other position at SEPTA based upon visual acuity or any other medical reason. Any remaining allegations in this paragraph are also denied.

14. Admitted in part; denied in part. It is admitted only that Mr. Davis was not hired into any other SEPTA job based upon his extensive sick record and discipline history. Any remaining allegations in this paragraph are denied.

15. Admitted in part; denied in part. It is admitted only that under Mr. Davis' union contract, his sick time expired as of April 1, 2002 and that he was terminated on or about that date.

16. Denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments in this paragraph and, therefore, they are denied.

17. Admitted in part; denied in part. It is admitted only that Mr. Davis was medically qualified for and considered for several available jobs after his medical disqualification. As Mr. Davis was medically qualified, it is admitted only that no accommodations would have been necessary for him to perform any aspect of any of the jobs for which he was considered. It is further admitted only that Mr. Davis was not placed in any other SEPTA job based upon his extensive sick record and discipline history. Any remaining allegations of this paragraph are denied.

18. Denied.

19. Admitted in part; denied in part. It is admitted only that Mr. Davis applied for several SEPTA jobs after he was medically disqualified from the bus driver position. It is further admitted only that Mr. Davis was medically qualified for all jobs that he applied for. It is further admitted only that Mr. Davis was not offered any job due to an extensive sick record and disciplinary history. Any remaining allegations with this paragraph are denied.

20. Denied. It is explicitly denied that Mr. Davis' vision problem was the reason that he was not hired for any other SEPTA job. It is also explicitly denied that Mr. Davis is disabled in any way. Any remaining allegations of this paragraph are denied.

21. Admitted in part; denied in part. It is admitted only that in a letter dated November 30, 2001, SEPTA was served with a Notice to Defendant by the Pennsylvania Human Relations Commission. Any remaining allegations of this paragraph are denied.

22. Denied. After reasonable investigation, SEPTA lacks sufficient knowledge or information to admit or deny the averments in this paragraph and therefore, they are denied.

23. Admitted in part; denied in part. It is specifically denied that SEPTA attempted to secure any "light duty" position for Mr. Davis. It is admitted only that after his medical disqualification, SEPTA assisted Mr. Davis in applying for several SEPTA jobs that were available. Any remaining allegations of this paragraph are denied.

24. Denied.

25. Denied.

**IV.  CLAIMS**

    A.  <u>Americans With Disability Act</u>

26. Denied. SEPTA explicitly denies that Mr. Davis is disabled and entitled to any protection under the ADA. By way of further answer, the allegations of this paragraph contain conclusions of law to which no response is required. Any remaining allegations of this paragraph are also denied.

27.  Denied.  SEPTA explicitly denies that Mr. Davis was not hired for any reasons other than his extensive sick record and discipline history.  By way of further answer, the allegations of this paragraph contain conclusions of law to which no response is required.  Any remaining allegations in this paragraph are also denied.

    B.    <u>Pennsylvania Human Relations Act ("PHRA")</u>

28.  Admitted in part; denied in part.  It is admitted only that Mr. Davis has an extensive sick record and disciplinary history which are bona fide reasons for not offering Mr. Davis any other job.  Any remaining allegations of this paragraph are denied.

29.  Admitted in part; denied in part.  It is admitted only that Mr. Davis was has attempted to assert claims under Pennsylvania law, which may confer jurisdiction in this Court pursuant to 28 U.S.C. § 1367.  It is explicitly denied that SEPTA has violated any law as alleged by Mr. Davis in this action.  Any remaining allegations of this paragraph are denied.

30.  Denied.

**V.**    <u>**VENUE**</u>

31.  Admitted in part; denied in part.  It is admitted only that the alleged matters occurred within the jurisdiction of the Eastern District of Pennsylvania.  SEPTA specifically denies the allegations of the Complaint and further denies that it has

violated any law. Any remaining allegations of this paragraph are also denied.

32.  Admitted in part; denied in part. It is admitted only that venue is proper pursuant to 28 U.S.C. § 1391. SEPTA specifically denies that it has violated any law. Any remaining allegations of this paragraph are also denied.

**VI.  PERSONAL JURISDICTION**

33.  Admitted.

34.  Denied.

### AFFIRMATIVE DEFENSES

1.  Mr. Davis' Complaint fails to state a claim upon which relief can be granted.

2.  Mr. Davis' claims are barred by the applicable statute of limitations.

3.  Mr. Davis' claims are barred or diminished by operation of the doctrine of waiver, estoppel or laches.

4.  At all relevant times, SEPTA acted reasonably concerning Mr. Davis' employment and employment opportunities.

5.  Any damages sustained by Mr. Davis are the result of his own actions or inactions.

6.  Mr. Davis has failed to exhaust the administrative remedies required to pursue the claims he asserts in his action.

7.	Mr. Davis has failed to mitigate the damages he claims to have suffered.

8.	Mr. Davis is not disabled.

9.	SEPTA has bona fide reasons for not placing Mr. Davis in any other position at SEPTA.

10.	Mr. Davis' extensive sick record and history of discipline were the reasons that he was not placed on any other available SEPTA job.

11.	Mr. Davis was medically qualified for all jobs that he was considered for by SEPTA after his medical disqualification for the bus driver position.

12.	Mr. Davis' vision problem did not prevent him from being placed in any SEPTA job.

13.	Mr. Davis' knee problem did not prevent him from being placed in any SEPTA job.

14.	At all times, hereto, SEPTA acted in conformity with all applicable laws of the Commonwealth of Pennsylvania and with federal law.  All employment decisions made by SEPTA in reference to Mr. Davis were made for legitimate, non-discriminatory reasons.

WHEREFORE, SEPTA respectfully requests that this Court enter judgment in favor of SEPTA and against Plaintiff dismissing all claims with prejudice, together with such other and further relief that this Court may deem equitable or just.

                          Respectfully submitted,

                          MILLER, ALFANO & RASPANTI, P.C.


By: _____
    GINO J. BENEDETTI, ESQUIRE
    JODEEN M. HOBBS, ESQUIRE
    Attorney I.D. Nos. 59584, 82754
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 972-6400

    Attorneys for Defendant
    Southeastern Pennsylvania
    Transportation Authority

Dated:   May 1, 2003

F:\PBL\JMH\SEPTA\Septa.Davis\pbj00009.Answer.wpd

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2003, I caused a true and correct copy of the foregoing Answer & Affirmative Defenses of Defendant Southeastern Pennsylvania Transportation Authority to be served upon the following individual in the manner indicated below:

VIA FIRST CLASS MAIL

Richard A. Veon, Esquire
Gordon & Weinberg, P.C.
21 South 21st Street
Philadelphia, PA 19103


MILLER, ALFANO & RASPANTI, P.C.


By: _____
GINO J. BENEDETTI, ESQUIRE